**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TERRY WAYNE VANCE, 325962, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-274-P |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

## I. Procedural Background

On September 4, 1981, Petitioner was convicted of murder and sentenced to life in prison. *State of Texas v. Terry Wayne Vance*, No. F81-10017-IN (195th Jud. Dist. Ct., Dallas County, Tex., Sept. 4, 1981). Petitioner does not challenge his conviction or sentence.

Petitioner challenges his denial of release to mandatory supervised release. He argues he was eligible for release to mandatory supervision once he served twenty years of his sentence, and that denial of release is an ex post facto violation. Respondent argues Petitioner's claims are time-barred and that the claims are without merit.

## II. Discussion

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

## A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, Respondent argues the limitations period runs from the date on which the facts supporting Petitioner's claim became known or could have become know through the exercise of due diligence. Respondent states that Petitioner knew or should of known of the existence of his claims in 2001, twenty years after the start of his sentence, which is the date Petitioner argues he became eligible for release to mandatory supervision.

In his reply, Petitioner argues he was prevented from filing a timely federal petition because of a state-created impediment. He claims the state was required to notify him when he became eligible for mandatory supervision, and that state law restricts the right of prisoners to obtain documents regarding their mandatory supervised release date.

The Court determines that the correct analysis is under § 244d(1)(D), the date on which the facts supporting Petitioner's claim became known or could have become know through the

exercise of due diligence. In 2001, the Texas Court of Criminal Appeals determined that prisoners sentenced to life sentences are not eligible for mandatory supervised release. *See Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). On October 2, 2002, the Fifth Circuit Court of Appeals held that because the state determined in *Franks* that inmates under life sentences are not eligible for mandatory supervision, a Texas inmate under a life sentence had no constitutionally protected interest in being release on mandatory supervision and was not entitled to federal habeas relief for denial of release. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Therefore, the latest date Petitioner either knew of should have known of his claims was October, 2002.

Petitioner filed a state habeas petition on October 30, 2008. *Ex parte Vance*, No. 70,977-01. Although the limitations period is tolled during the pendency of state habeas proceedings under 28 U.S.C. § 2244(d)(2), Petitioner's state petition was filed after his federal limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition by October, 2003. He did not file his petition until February 11, 2009. His petition is therefore untimely.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 20th day of July, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**